IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JOHN K. JONES,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:05-0164** |
| ) | **(Criminal Action No. 5:02-0178)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support filed on February 23, 2005. (Document Nos. 53 and 54.)[1] In seeking relief under Section 2255, Movant states one ground and facts in support of it as follows (Document No. 53, p. 5.):

> GROUND ONE: An unlawful offense level calculation violating John Jones' constitutional rights.
>
> Supporting facts: The base offense level began at level 6. Judge Haden then calculated the total $ loss by grouping both offense 1 and 2 – $65,679.20 – for a six point enhancement. Two point enhancement for a violation of a prior administrative order. Another two point enhancement for the defendant employing a sophisticated and elaborate means to commit fraud. And finally, another tow point enhancement for unauthorized transfer or use of any means of identification unlawfully to produce any other means of identification. Total offense level 18m Criminal History Category II subject to a sentencing guideline range of 30 to 37 months.

In his Memorandum (Document No. 54.), Movant asserts, citing <u>Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311(1999), <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

147 L.Ed.2d 435 (2000), Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L.Ed.2d 556 (2002), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), that the District Court determined that enhancements applied in sentencing him based upon facts which were neither found by a jury not admitted by him in violation of his constitutional rights.

## FACTUAL BACKGROUND

On December 2, 2002, Movant pled guilty to a two-count Information charging him with (1) concealing from and failing to disclose the fact that he worked and earned income to the Social Security Administration which would have rendered him ineligible to receive Disability Insurance Benefits in the amount previously determined in violation of 42 U.S.C. § 408(a)(4) and (2) fraudulently using and causing the use of a Visa credit card issued in the name of another person to obtain merchandise having a value aggregating more than $1,000 in violation of 18 U.S.C. §§ 1029(a)(2) and 2. United States v. Jones, Criminal Action No. 5:02-0178, Document Nos. 1, 7 and 15. In September, 2003, the District Court sentenced Movant to a 37 month term of imprisonment and a three year term of supervised release and required Movant to pay restitution in the total amount of $64,957.30 at the rate of $25 per month while incarcerated and $100 per month while on supervised release. The District Court also required Movant to pay a $200 special assessment. Id., Document No. 23.

Movant appealed. Id., Document No. 24. Movant claimed on appeal that the District Court improperly denied him credit for acceptance of responsibility and a downward departure for substantial assistance. The Fourth Circuit Court of Appeals found no error as Movant contended and affirmed the judgment of the District Court. United States v. Jones, 94 Fed.Appx. 977 (4th Cir. 2004).

Movant began serving his term of supervised release on June 13, 2006. On July 3, 2007, a

Petition to revoke Movant's term of supervised release was filed and a warrant was issued for Movant's arrest. United States v. Jones, Criminal Action No. 5:02-0178, Document Nos. 93 and 94. Movant did not contest several of the charges stated in the Petition, and therefore, by Order filed on July 31, 2007, the District Court revoked Movant's term of supervised release and ordered that he serve an additional four months in prison followed by a 32 month term of supervised release. Id., Document No. 106.

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional

in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340.

The undersigned finds Movant's contention that the District Court's sentence violated his constitutional rights and he is entitled to relief under Section 2255 on the basis of the United States Supreme Court's decision in Jones, Apprendi, Ring and Booker without merit. First, the United States Supreme Court decided Jones, Apprendi and Ring prior to Movant's sentencing; yet, Movant did not present the issue which he raises in these proceedings on direct appeal, and the record does not indicate any good cause or reason for his failure. Movant's claim of constitutional error in these Section 2255 proceedings is precluded under these circumstances. Second, Movant's claim fails on the merits. The United States Supreme Court held in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 2363. In Booker, the Supreme Court applied its holding in Blakely v. Washington, 542

U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756. In pleading guilty, Movant admitted conduct in violation of 42 U.S.C. § 408(a)(4) and 18 U.S.C. §§ 1029(a)(2) and 2. Based upon Movant's admissions, the maximum statutory penalty for Movant's conviction of violating 42 U.S.C. § 408(a)(4) was a term of imprisonment of not more than five years, and the maximum statutory penalty for Movant's conviction of violating 18 U.S.C. §§ 1029(a)(2) and 2 was a term of imprisonment of nor more than ten years. 18 U.S.C. § 1029(c)(1)(A)(i). The District Court sentenced Movant to a 37 month term of imprisonment, less than the maximum statutory penalties for Movant's offenses of conviction. Under these circumstances, the fact finding requirements of Apprendi, Blakely and Booker did not apply. *See* United States v. Kinter, 235 F.3d 192, 201, (4th Cir. 2000), *cert. denied*, 532 U.S. 937, 121 S.Ct. 1393, 149 L.Ed.2d 316 (2001); United States v. Martin, 29 Fed.Appx. 178, 181, 2002 WL 246581 (C.A.4(Va.))("Apprendi does not apply to judicial factfinding under the Guidelines as long as the sentence does not exceed the statutory maximum term set out in the statute.")

For all of the foregoing reasons, the undersigned finds that the record conclusively demonstrates that Movant's claims have no merit and Movant is entitled to no relief, and therefore it is not necessary to hold an evidentiary hearing in this matter.

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 53.),

**DISMISS** this matter and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Movant who is acting *pro se*. The Bureau of Prisons' inmate locator indicates that Movant is currently "in transit." The Court therefore suggests that the Clerk contact the Bureau of Prisons or the Office of Probation to obtain Movant's current mailing address.

Date: November 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge